[This opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 596.]

OFFICE OF DISCIPLINARY COUNSEL *v*. WASHINGTON.

[Cite as *Disciplinary Counsel v. Washington*, 1998-Ohio-580.]

*Attorneys at law—Misconduct—Indefinite suspension—Engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation—Failing to carry out contract for professional services—Neglecting an entrusted legal matter—Engaging in conduct prejudicial to the administration of justice—Collecting an illegal or clearly excessive fee—Failing to withdraw from employment when discharged by client—Failing to cooperate in disciplinary investigation.*

(No. 97-2646—Submitted February 18, 1998—Decided May 6, 1998.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 97-36.

_____

{¶ 1} On June 2, 1997, relator, Office of Disciplinary Counsel, filed an amended complaint charging that by failing to represent three individuals after accepting retainers from them, respondent, William T. Washington of Covington, Washington, Attorney Registration No. 0051948, violated several Disciplinary Rules, and that by his failure to cooperate in the ensuing disciplinary investigation, he violated the Rules for the Government of the Bar. After repeated but unsuccessful attempts to serve respondent, relator served the Clerk of the Supreme Court as authorized by Gov.Bar R. V(11)(B). Respondent failed to file an answer or otherwise plead to the complaint, and relator's motion for default was submitted to a panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board").

{¶ 2} The panel found that in June 1995, Ruben J. Beavers, a prisoner, retained respondent and paid him $4,144 to represent Beavers in an appeal of his

criminal case. Respondent failed to file a timely brief, and the appeal was dismissed with prejudice in January 1996. After he paid the retainer, Beavers was unable to contact respondent and did not learn of the dismissal until October 1996. The panel concluded that with respect to his representation of Beavers, respondent violated DR 1-102(A)(4) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 7-101(A)(2) (failing to carry out a contract for professional services), 6-101(A)(3) (neglecting an entrusted legal matter), and 1-102(A)(5) (engaging in conduct prejudicial to the administration of justice).

{¶ 3} The panel also found that Louise Greer retained respondent to represent her in a products liability claim against Dow Corning. She was not able to maintain contact with respondent and, in November 1996, employed attorney Robert Haslam of Ft. Worth, Texas to undertake her representation. Haslam attempted to contact respondent and was finally successful on November 20, 1996, when respondent telephoned him to say that he would not release Greer as a client. After repeated letters from Haslam, sometime after December 10, 1996, respondent informed him that he no longer had an interest in the Greer case. The panel concluded that in the Greer matter, respondent violated DR 6-101(A)(3) and 2-110(B)(4) (failing to withdraw from employment when discharged by a client).

{¶ 4} In addition, the panel found that on or before May 1995, William Newman retained respondent and paid him $1,000 of an agreed fee of $3,500 to handle an appeal and other post-conviction relief arising from Newman's criminal conviction. On May 22, 1995, respondent entered an appearance and filed a motion for stay of execution on Newman's behalf. In August 1995, respondent was paid an additional $800 toward his fees, and in July 1996, Newman's former spouse paid respondent an additional $2,100 on behalf of Newman. Respondent visited Newman only once, in November 1995, and falsely advised him that respondent had filed an appeal. Respondent did nothing further and failed to answer inquiries about Newman's case. The panel concluded that with respect to the Newman

matter, respondent violated DR 7-101(A)(2), 6-101(A)(3), 1-102(A)(5), and 2-106(A) (collecting an illegal or clearly excessive fee).

{¶ 5} Both relator and the Dayton Bar Association's Certified Grievance Committee on Professional Ethics made numerous attempts to contact respondent about the grievances filed against him by Beavers, Greer, and Newman. Respondent failed to cooperate or even respond. The panel concluded that in each instance, respondent violated Gov.Bar R. V(4)(G) (an attorney shall cooperate in a disciplinary investigation). The panel recommended that respondent be indefinitely suspended from the practice of law in Ohio. The board adopted the findings, conclusions, and recommendation of the panel.

———————————

*Jonathan E. Coughlan*, Disciplinary Counsel, and *Stacy M. Solochek*, Assistant Disciplinary Counsel, for relator.

———————————

*Per Curiam.*

{¶ 6} In June 1997, we suspended respondent for six months for accepting employment in an indigent appeal in 1994, never pursuing the appeal, and then attempting to assign the case without court approval to a drug-impaired attorney who was not licensed in Ohio. *Disciplinary Counsel v. Washington* (1997), 78 Ohio St.3d 541, 679 N.E.2d 271. The facts of this case reflect respondent's continued neglect of client matters. We adopt the findings, conclusions, and recommendation of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs are taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., concur but would also require respondent to repay fees and make restitution, plus interest.

———————————